UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CASE NO: 5:14CV1992 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER AND DECISION** |
| | ) | |
| Kent State University, et al., | ) | (Resolving Doc. 16) |
| | ) | |
| Defendants. | ) | |

Pending before the Court is a motion to dismiss the complaint (Doc. 16) filed by Defendants Jill Church, Elizabeth Joseph, Brian Hellwig, and Amy Quillin. The Government has opposed the motion, and Defendants have replied. The motion to dismiss is DENIED.

**I. Legal Standard**

The Sixth Circuit stated the standard for reviewing a motion to dismiss in *Assn. of Cleveland Fire Fighters v. Cleveland*, 502 F.3d 545 (6th Cir. 2007) as follows:

> The Supreme Court has recently clarified the law with respect to what a plaintiff must plead in order to survive a Rule 12(b)(6) motion. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The Court stated that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (citations and quotation marks omitted). Additionally, the Court emphasized that even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* (internal citation and quotation marks omitted). In so holding, the Court disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (recognizing "the accepted

> rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"), characterizing that rule as one "best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Twombly*, 550 U.S. at 563.

*Id.* at 548.  Instead, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal quotations omitted).

If an allegation is capable of more than one inference, this Court must construe it in the plaintiff's favor.  *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995) (citing *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993)).  This Court may not grant a Rule 12(b)(6) motion merely because it may not believe the plaintiff's factual allegations.  *Id*.  Although this is a liberal standard of review, the plaintiff still must do more than merely assert bare legal conclusions.  *Id.*  Specifically, the complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quotations and emphasis omitted).

**II. Facts**

In their motion, the individual defendants claim that the complaint must be dismissed because they are entitled to qualified immunity.  The Court now reviews that contention.

Qualified immunity protects an official from liability if the official's conduct does not violate "clearly established" statutory or constitutional rights that a reasonable person would have known were in existence. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  The U.S. Supreme Court has stressed that the "contours of the right must be sufficiently

clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). This does not mean that "an official action is protected by qualified immunity unless the very action in question has previously been held unlawful." *Id.*, (citing *Mitchell v. Forsyth*, 472 U.S. 511, 535 (1985)). Rather, it means that, "in light of pre-existing law the unlawfulness must be apparent." *Creighton*, 483 U.S. at 640.

A defendant bears the initial burden of putting forth facts that suggest that he was acting within the scope of his discretionary authority. *Rich v. City of Mayfield Heights*, 955 F.2d 1092, 1095 (6th Cir.1992). However, the plaintiff bears the ultimate burden of proving that the defendants are not entitled to a qualified immunity defense. *Wegener v. Covington*, 933 F.2d 390, 392 (6th Cir. 1991). "[T]he burden is on the plaintiff to allege and prove that the defendant violated a clearly established constitutional right." *Spurlock v. Satterfield*, 167 F.3d 995, 1005 (6th Cir. 1999).

In *Saucier v. Katz*, 533 U.S. 194, 201 (2001), the U.S. Supreme Court held that a court must first determine whether there is a violation of a constitutional right before addressing the issue of whether the right was clearly established. Although this approach may be appropriate in many cases, it is no longer imperative. The Supreme Court altered this approach in *Pearson v. Callahan*, 555 U.S. 223, 236 (2009), by holding that lower courts are now permitted to determine which prong of the immunity analysis to address first. *Id.* at 821. Moreover, some panels of the Sixth Circuit have added a third step that requires "the court to determine whether the plaintiff has offered sufficient evidence to indicate that what the official allegedly did was objectively unreasonable in light of the clearly established right." *Grawey v. Drury*, 567 F.3d 302, 309 (6th Cir.2009).

In the instant matter, Defendants do not contend that the Government has not pled a constitutional violation. As such, Defendants contention is limited to their allegation that the right at issue was not clearly established.

In support of their motion, Defendants contend as follows:

> Plaintiff's claim, in a nutshell, is that the Individual Defendants violated the Lukes' rights under the Act by denying them permission to keep a "therapy dog" in University housing. However, Plaintiff can point to no controlling authority in the form of either U.S. Supreme Court or Sixth Circuit case law that establishes that the Act applies to student housing.

Doc. 16 at 5. Defendants assert that there is no controlling authority or robust consensus of case law that placed them on notice that the Fair Housing Act applies to student housing. The Court finds no merit in Defendants' assertions.

This Court must "first look to the statutory language" at issue when determining whether a right is clearly established. *Key v. Grayson*, 179 F.3d 996, 1000 (6th Cir. 1999). The Fair Housing Act ("FHA") makes it unlawful "[t]o discriminate in the sale or rental" of a "dwelling" on the basis of disability. 42 U.S.C. § 3604(f)(1). The FHA also contains the following definitions:

> (b) "Dwelling" means any building, structure, or portion thereof which is occupied as, or designed or intended for occupancy as, a residence by one or more families, and any vacant land which is offered for sale or lease for the construction or location thereon of any such building, structure, or portion thereof.
>
> (c) "Family" includes a single individual.

42 U.S.C. § 3602(b)-(c). Moreover, HUD regulations issued in 1989 further defined dwelling as follows:

> Examples of dwelling units include a single family home and an apartment unit within an apartment building. In other types of dwellings (as defined in § 100.20) in which sleeping accommodations are provided but toileting or cooking facilities are shared by occupants of more than one room or

4

>portion of the dwelling, rooms in which people sleep are "dwelling units".
>For example, dormitory rooms . . . are "dwelling units".

Implementation of the Fair Housing Amendments Act of 1988, 54 Fed. Reg. 3232, 3244 (Jan. 23, 1989). Even absent this later clarification from HUD, it is difficult to conceive of just how the apartments owned by Kent State do not fall within the statutory definition of dwelling.

Furthermore, it is not as though Kent State contends that the apartments in its Allerton complex do not satisfy this definition. Instead, Kent State contends that it is not settled that the FHA applies to "student housing." In so doing, Kent State ignores that the FHA applies to all dwellings except those specifically exempted. *See* 42 U.S.C. §§ 3603(b)-(c), 42 U.S.C. § 3603(b)(2), 42 U.S.C. § 3607(a), 42 U.S.C. §§ 3607(b)(1)-(b)(5). None of the statutory exemptions suggest that student housing is somehow exempt from the FHA.

Importantly, from the Court's review, "student housing" or "university owned housing" is not a term of art, nor a term defined or even referenced in the statutory text of the FHA. Accordingly, it comes as no surprise to the Court that there are not any lengthy analyses in case law determining whether student housing is covered by the FHA. To undertake such an analysis, a court would first have to manufacture "student housing" as some subset of dwellings that was previously unmentioned by Congress. Additionally, even if this Court were inclined to recognize such a subset, it is not entirely clear that the apartments at issue could be included in that defined group. Many of the residents of the Allerton complex are not students at all, but rather the spouses and children of students. As a result, even acknowledging "student housing" as some subset would not support the grant of immunity herein at this stage of the proceedings.

5

Having found that the plain language of the FHA renders it applicable to "student housing," it follows that the rights at issue herein were clearly established. Accordingly, Defendants motion to dismiss the individual defendants is not well taken.

**IV. Conclusion**

The motion to dismiss is DENIED.

IT IS SO ORDERED.


September 16, 2015                  /s/ *Judge John R. Adams*
Date                                         JUDGE JOHN R. ADAMS
                                                       UNITED STATES DISTRICT COURT